1

2

3

4

5

6

7

8

9                    UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11                     December 2007 Grand Jury

12   UNITED STATES OF AMERICA,      )    No. CR 08-**CR08- 00510**
                                    )
13             Plaintiff,           )    I N D I C T M E N T
                                    )
14        v.                        )    [18 U.S.C. § 371:
                                    )    Conspiracy to Defraud the
15   ANNYA A. NGUYEN and            )    United States; 26 U.S.C.
     JOHN D. PHAM,                  )    § 7202: Willful Failure to
16                                  )    Pay Over Withheld Payroll
               Defendants.          )    Taxes; 18 U.S.C. § 2:
17                                  )    Aiding and Abetting and
                                    )    Causing an Act to be Done]
18   _____)

19

20        The Grand Jury charges:

21                        GENERAL ALLEGATIONS

22        The Defendants

23        1.  Beginning in 1987 and continuing through on or about the

24   date of this indictment, defendants ANNYA A. NGUYEN and JOHN D.

25   PHAM, who were at all times pertinent to this indictment either

26   married or living together in a marital type relationship, have

27   been partners in the ownership and operation of certain Fantastic

28   Sam's hair salons in and around the Laguna Hills area of Orange

County, California.

The Businesses

2. The first Fantastic Sam's hair salon acquired by either defendant was located on Chapman Avenue in Orange, California, which was licenced to defendant ANNYA A. NGUYEN in 1985 and was sold by her in 1996. A second Fantastic Sam's hair salon, located on Alicia Parkway in Laguna Niguel, California, was acquired by defendants ANNYA A. NGUYEN and JOHN D. PHAM in 1987, and was sold by them in 2000. Also in 1987, defendants ANNYA A. NGUYEN and JOHN D. PHAM acquired a licence for a third Fantastic Sam's hair salon that was later opened on La Paz Road in Aliso Viejo, California. Defendants ANNYA A. NGUYEN and JOHN D. PHAM owned and operated the salon on La Paz Road in Aliso Viejo until the licence for that hair salon was transferred to another party sometime in about 2008. In 1988, defendant ANNYA A. NGUYEN acquired a licence for a fourth Fantastic Sam's hair salon that was later opened at a location on Crown Valley Parkway in Laguna Niguel, California, and was sold by defendant ANNYA A. NGUYEN in 1999. In 1991, defendants ANNYA A. NGUYEN and JOHN D. PHAM acquired a licence for a fifth Fantastic Sam's hair salon that was later opened on Antonio Parkway in Rancho Santa Margarita, California. As of the date of this indictment defendants ANNYA A. NGUYEN and JOHN D. PHAM continued to own and operate the salon on Antonio Parkway in Rancho Santa Margarita, California.

//

//

<u>The Payroll Taxes</u>

3. Employers who pay wages to their employees are required to withhold both Federal Insurance Contribution Act taxes, commonly known as social security taxes, and federal income taxes, from the wages they pay to employees, and to deposit such taxes with the Internal Revenue Service on behalf of the employees. In addition to the social security taxes withheld from employees' wages, employers are also required to pay an "employer's share" of social security taxes for each employee. These payroll taxes, including both the taxes withheld from employees' wages, and the employer's share of social security taxes, all of which are hereinafter described as "federal payroll taxes" and "federal payroll tax liabilities," are required to be reported and paid to the Internal Revenue Service on a quarterly basis, with the quarters covering the periods of January through March, April through June, July through September, and October through December of each year. As such, employers are required to file quarterly payroll tax returns, Forms 941, four times a year. In meeting these obligations to collect, account for, and pay over payroll taxes to the Internal Revenue Service, employers act through one or more "responsible persons," i.e., persons who, because of their positions with the employer or the duties and functions they perform, are required to ensure that the payroll taxes are collected, accounted for, and paid over to the Internal Revenue Service.

//

3

1      4.  During the first calendar quarter of 1995, defendants

2   ANNYA A. NGUYEN and JOHN D. PHAM operated their hair salon

3   businesses either as sole proprietorships under the name of

4   defendant ANNYA A. NGUYEN or as partnership businesses under the

5   name "Annya Nguyen Partners."  Beginning in the second calendar

6   quarter of 1995 and continuing through the end of 1995,

7   defendants ANNYA A. NGUYEN and JOHN D. PHAM used two corporate

8   entities, Nguyen & Pham, Inc., and PVD, Inc., to operate the

9   Fantastic Sam's hair salons they then owned.  The payroll tax

10   liabilities reported by defendants ANNYA A. NGUYEN and JOHN D.

11   PHAM, by Nguyen & Pham, Inc., and by PVD, Inc., on the payroll

12   tax returns they filed for the four quarterly periods in 1995

13   were fully paid.

14      5.  During 1996, defendants ANNYA A. NGUYEN and JOHN D. PHAM

15   continued to operate their hair salon businesses through the

16   corporate entities Nguyen & Pham, Inc., and PVD, Inc.  However,

17   in 1996, as defendants ANNYA A. NGUYEN and JOHN D. PHAM well

18   knew, the hair salon businesses incurred federal payroll tax

19   liabilities in excess of $110,000, but defendants ANNYA A. NGUYEN

20   and JOHN D. PHAM, who alone controlled the finances and business

21   operations of the businesses, paid less than $24,000 of the

22   federal payroll tax liabilities the businesses incurred, leaving

23   more than $87,000 of the 1996 federal payroll tax liabilities

24   unpaid.  As such, defendants ANNYA A. NGUYEN and JOHN D. PHAM

25   converted to their own use taxes they withheld from the wages

26   paid to their employees, and knowingly failed to pay over such

27

28                                    4

withheld taxes to the Internal Revenue Service so that they could be credited to the income tax and social security accounts of the employees.

6. During the first half of 1997, defendants ANNYA A. NGUYEN and JOHN D. PHAM continued to operate their hair salon businesses through the corporate entities Nguyen & Pham, Inc., and PVD, Inc. However, during the second calendar quarter of 1997, defendants ANNYA A. NGUYEN and JOHN D. PHAM caused the operations of the businesses to be shifted to two new corporate entities, i.e., TTK Management, Inc., and AJP Management, Inc. During 1997, defendants ANNYA A. NGUYEN and JOHN D. PHAM caused TTK Management, Inc., to report and pay federal payroll tax liabilities of about $49,000. However, as defendants ANNYA A. NGUYEN and JOHN D. PHAM well knew, during 1997, Nguyen & Pham, Inc., PVD, Inc., and AJP Management, Inc., jointly incurred federal payroll tax liabilities in the operation of the hair salon businesses in excess of $90,000, but defendants ANNYA A. NGUYEN and JOHN D. PHAM, who alone controlled the finances and business operations of Nguyen & Pham, Inc., PVD, Inc., and AJP Management, Inc., paid less than $17,000 of the federal payroll tax liabilities incurred by these corporations, leaving more than $73,000 of the 1997 federal payroll tax liabilities unpaid. As such, defendants ANNYA A. NGUYEN and JOHN D. PHAM converted to their own use taxes they withheld from the wages paid to their employees, and knowingly failed to pay over such withheld taxes to the Internal Revenue Service so that they could be credited to

5

the income tax and social security accounts of the employees.

7. During 1998, defendants ANNYA A. NGUYEN and JOHN D. PHAM continued to operate their hair salon businesses through the corporate entities TTK Management, Inc., and AJP Management, Inc. In 1998, as defendants ANNYA A. NGUYEN and JOHN D. PHAM well knew, the hair salon businesses jointly incurred federal payroll tax liabilities in excess of $153,000, but defendants ANNYA A. NGUYEN and JOHN D. PHAM, who alone controlled the finances and business operations of the businesses, paid less than $55,000 of the federal payroll tax liabilities the businesses incurred, leaving more than $99,000 of the 1998 federal payroll tax liabilities unpaid. As such, defendants ANNYA A. NGUYEN and JOHN D. PHAM converted to their own use taxes they withheld from the wages paid to their employees, and knowingly failed to pay over such withheld taxes to the Internal Revenue Service so that they could be credited to the income tax and social security accounts of the employees.

8. During 1999, defendants ANNYA A. NGUYEN and JOHN D. PHAM continued to operate their hair salons through the corporate entities TTK Management, Inc., and AJP Management, Inc. Defendants ANNYA A. NGUYEN and JOHN D. PHAM caused TTK Management, Inc., to file payroll tax returns for 1999 reporting that the company paid its employees wages that year totaling $300,572.83, when in truth, and as defendants ANNYA A. NGUYEN and JOHN D. PHAM well knew, the W-2 wage statements defendants ANNYA A. NGUYEN and JOHN D. PHAM caused to be issued and filed by TTK

Management, Inc., for 1999, revealed that the company actually paid its employees total wages of $365,707 during the year. Further, while defendants ANNYA A. NGUYEN and JOHN D. PHAM caused TTK Management, Inc., to report federal payroll tax liabilities for 1999 of only about $72,000, from the W-2 wage statements defendants ANNYA A. NGUYEN and JOHN D. PHAM caused TTK Management, Inc., to file for 1999, the Internal Revenue Service determined that the corporation's total payroll tax liability for 1999 was actually in excess of $94,000. Notwithstanding, defendants ANNYA A. NGUYEN and JOHN D. PHAM, who alone controlled the finances and business operations of TTK Management, Inc., and who well knew the amount of payroll taxes owed by the company, paid less than $43,000 of the federal payroll tax liabilities TTK Management, Inc., incurred in 1999, leaving more than $51,000 of TTK Management, Inc.'s 1999 federal payroll tax liabilities unpaid. As such, defendants ANNYA A. NGUYEN and JOHN D. PHAM converted to their own use taxes they withheld from the wages paid to their employees of TTK Management, Inc., and knowingly failed to pay over such withheld taxes to the Internal Revenue Service so that they could be credited to the income tax and social security accounts of the employees.

9.  For 1999, defendants ANNYA A. NGUYEN and JOHN D. PHAM caused AJP Management, Inc., to file payroll tax returns reporting that it paid its employees wages that year totaling $226,707.23, when in truth, and as defendants ANNYA A. NGUYEN and JOHN D. PHAM well knew, the W-2 wage statements defendants ANNYA

A. NGUYEN and JOHN D. PHAM caused to be issued and filed by AJP
Management, Inc., for 1999, revealed that the company actually
paid its employees total wages of $289,452 during the year.
Further, while defendants ANNYA A. NGUYEN and JOHN D. PHAM caused
AJP Management, Inc., to report federal payroll tax liabilities
for 1999 of only about $48,000, from the W-2 wage statements
defendants ANNYA A. NGUYEN and JOHN D. PHAM caused the
corporation to file for that year, the Internal Revenue Service
determined that the corporation's total payroll tax liability for
1999 was actually in excess of $61,000. Notwithstanding,
defendants ANNYA A. NGUYEN and JOHN D. PHAM, who alone controlled
the finances and business operations of AJP Management, Inc., and
who well knew the amount of payroll taxes owed by the company,
paid less than $29,000 of the federal payroll tax liabilities AJP
Management, Inc., incurred in 1999, leaving more than $33,000 of
AJP Management, Inc.'s 1999 federal payroll tax liabilities
unpaid. As such, defendants ANNYA A. NGUYEN and JOHN D. PHAM
converted to their own use taxes they withheld from the wages
paid to the employees of AJP Management, Inc., and knowingly
failed to pay over such withheld taxes to the Internal Revenue
Service so that they could be credited to the income tax and
social security accounts of the employees.

10. During 2000, defendants ANNYA A. NGUYEN and JOHN D.
PHAM continued to operate their hair salon businesses through the
corporate entities TTK Management, Inc., and AJP Management,
Inc., and for 2000, defendants ANNYA A. NGUYEN and JOHN D. PHAM

8

caused the businesses to pay all of the federal payroll tax liabilities they reported for that year.

11. In 2001, defendants ANNYA A. NGUYEN and JOHN D. PHAM continued to operate their hair salon businesses through the corporate entities TTK Management, Inc., and AJP Management, Inc., for the first three calendar quarters of the year. For those three quarters defendants ANNYA A. NGUYEN and JOHN D. PHAM caused the two companies to report that they jointly incurred in excess of $109,000 in federal payroll tax liabilities, but defendants ANNYA A. NGUYEN and JOHN D. PHAM, who alone controlled the finances and business operations of the two corporations, and who well knew the amount of the payroll taxes the businesses owed, caused the companies to pay less than $26,000 of the federal payroll tax liabilities the businesses incurred during the first three quarters of 2001, leaving more than $83,000 of the businesses' federal payroll tax liabilities for those three quarters unpaid. As such, defendants ANNYA A. NGUYEN and JOHN D. PHAM converted to their own use taxes they withheld from the wages paid to the employees of the businesses, and knowingly failed to pay over such withheld taxes to the Internal Revenue Service so that they could be credited to the income tax and social security accounts of the employees.

12. In the fourth calendar quarter of 2001, defendants ANNYA A. NGUYEN and JOHN D. PHAM caused the operations of their hair salon businesses to be shifted to two new corporate entities, DTP Investment, Inc., and DKP Investment, Inc. For the

fourth quarter of 2001, defendants ANNYA A. NGUYEN and JOHN D. PHAM caused DTP Investment, Inc., to report that it incurred a federal payroll tax liability in the amount of $19,715.92, but defendants ANNYA A. NGUYEN and JOHN D. PHAM, who alone controlled the finances and business operations of DTP Investment, Inc., and who well knew the amount of payroll taxes owed by the company, caused DTP Investment, Inc., to pay only $3,312.55 of that liability, leaving $16,403.37 of the liability unpaid. Further, for the fourth quarter of 2001, defendants ANNYA A. NGUYEN and JOHN D. PHAM caused DKP Investment, Inc., to report that it incurred a federal payroll tax liability in the amount of $10,175.38, but defendants ANNYA A. NGUYEN and JOHN D. PHAM, who alone controlled the finances and business operations of DKP Investment, Inc., and who well knew the amount of payroll taxes owed by the company, did not pay any of that liability. As such, defendants ANNYA A. NGUYEN and JOHN D. PHAM converted to their own use taxes they withheld from the wages paid to the employees of the companies, and knowingly failed to pay over such withheld taxes to the Internal Revenue Service so that they could be credited to the income tax and social security accounts of the employees.

13. During the first two calendar quarters of 2002, defendants ANNYA A. NGUYEN and JOHN D. PHAM continued to operate their hair salons through the corporate entities DTP Investment, Inc., and DKP Investment, Inc. However, beginning with the third calendar quarter of 2002 defendants ANNYA A. NGUYEN and JOHN D.

PHAM shifted the operation of the businesses to two new corporations. Defendants ANNYA A. NGUYEN and JOHN D. PHAM caused DKP Investment, Inc., to file payroll tax returns only for the first two calendar quarters of 2002, reporting that it paid its employees wages during those two quarters totaling $95,665.15. However, as defendants ANNYA A. NGUYEN and JOHN D. PHAM well knew, the W-2 wage statements defendants ANNYA A. NGUYEN and JOHN D. PHAM caused to be issued and filed by DKP Investment, Inc., for 2002, revealed that the company actually paid its employees total wages of $102,787 during the first two calendar quarters of 2002 when DKP Investment, Inc., was operating. Further, although defendants ANNYA A. NGUYEN and JOHN D. PHAM caused DKP Investment, Inc., to report federal payroll tax liabilities for that period of only $20,101.14, from the W-2 wage statements defendants ANNYA A. NGUYEN and JOHN D. PHAM caused the corporation to issue and file for that period the Internal Revenue Service determined that the corporation's total payroll tax liability for the first two quarters of 2002 was $21,785. Notwithstanding, defendants, who alone controlled the finances and business operations of DKP Investment, Inc., and who well knew the amount of payroll taxes the company owed, did not pay any of the federal payroll tax liabilities DKP Investment, Inc., incurred in 2002. As such, defendants ANNYA A. NGUYEN and JOHN D. PHAM converted to their own use taxes they withheld from the wages paid to the employees of the company, and knowingly failed to pay over such withheld taxes to the Internal Revenue Service

11

so that they could be credited to the income tax and social security accounts of the employees.

14.     During the first two calendar quarters of 2002, defendants ANNYA A. NGUYEN and JOHN D. PHAM continued to operate one of their hair salon businesses through DTP Investment, Inc. For those two quarters defendants ANNYA A. NGUYEN and JOHN D. PHAM caused DTP Investment, Inc., to file payroll tax returns reporting federal payroll tax liabilities for the first two quarters of 2002 in the amount of $39,330.94, but defendants ANNYA A. NGUYEN and JOHN D. PHAM, who alone controlled the finances and business operations of DTP Investment, Inc., and who well knew the amount of payroll taxes owed by the company, did not pay any of the federal payroll tax liabilities DTP Investment, Inc., incurred in 2002. As such, defendants ANNYA A. NGUYEN and JOHN D. PHAM converted to their own use the taxes they withheld from the wages paid to the employees of the company, and knowingly failed to pay over such withheld taxes to the Internal Revenue Service so that they could be credited to the income tax and social security accounts of the employees.

15.     Beginning with the third calendar quarter of 2002, defendants ANNYA A. NGUYEN and JOHN D. PHAM caused the operations of their hair salon businesses to be shifted to two new corporate entities, i.e., ANP Investments, Inc., and KTP Investments, Inc. Defendants ANNYA A. NGUYEN and JOHN D. PHAM caused ANP Investments, Inc., and KTP Investments, Inc., to fail to file any federal payroll tax returns for the last two quarters of 2002.

12

However, defendants ANNYA A. NGUYEN and JOHN D. PHAM caused ANP Investments, Inc., and KTP Investments, Inc., to issue and file form W-2 wage statements for the 2002 year, covering the last two quarters of that year. From those W-2 wage statements, the Internal Revenue Service determined that ANP Investments, Inc., incurred federal payroll tax liabilities for 2002 in the amount of $16,945, and that KTP Investments, Inc., incurred federal payroll tax liabilities for 2002 in the amount of $36,678. Notwithstanding, defendants ANNYA A. NGUYEN and JOHN D. PHAM, who alone controlled the finances and business operations of ANP Investments, Inc., and KTP Investments, Inc., and who well knew the amounts of payroll taxes the companies owed, did not pay any of the federal payroll tax liabilities that ANP Investments, Inc., and KTP Investments, Inc., incurred in 2002. As such, defendants ANNYA A. NGUYEN and JOHN D. PHAM converted to their own use the taxes they withheld from the wages paid to the employees of the companies and knowingly failed to pay over such withheld taxes to the Internal Revenue Service so that they could be credited to the income tax and social security accounts of the employees.

16. During 2003, defendants ANNYA A. NGUYEN and JOHN D. PHAM continued to operate their hair salon businesses through ANP Investments, Inc., and KTP Investments, Inc. Defendants ANNYA A. NGUYEN and JOHN D. PHAM caused both ANP Investments, Inc., and KTP Investments, Inc., to fail to file any federal payroll tax returns for any quarterly period during 2003. However,

13

defendants ANNYA A. NGUYEN and JOHN D. PHAM caused ANP Investments, Inc., and KTP Investments, Inc., to issue and file form W-2 wage statements for 2003.  From the W-2 wage statements filed by ANP Investments, Inc., and KTP Investments, Inc., for 2003, the Internal Revenue Service determined that ANP Investments, Inc., incurred federal payroll tax liabilities for 2003 in the amount of $38,710, and that KTP Investments, Inc., incurred federal payroll tax liabilities for 2003 in the amount of $84,041.  Notwithstanding, defendants ANNYA A. NGUYEN and JOHN D. PHAM, who alone controlled the finances and business operations of ANP Investments, Inc., and KTP Investments, Inc., and who well knew the amounts of payroll taxes owed by the companies, did not pay any of the federal payroll tax liabilities that ANP Investments, Inc., and KTP Investments, Inc., incurred in 2003.  As such, defendants ANNYA A. NGUYEN and JOHN D. PHAM converted to their own use the taxes they withheld from the wages paid to the employees of the companies, and knowingly failed to pay over such withheld taxes to the Internal Revenue Service so that they could be credited to the income tax and social security accounts of the employees.

17.  For the year 2004, defendants ANNYA A. NGUYEN and JOHN D. PHAM submitted some payroll tax reports to the State of California which indicated that for at least part of the year the hair salon businesses continued to be operated through ANP Investments, Inc., and KTP Investments, Inc.  However, defendants ANNYA A. NGUYEN and JOHN D. PHAM caused ANP Investments, Inc.,

and KTP Investments, Inc., to fail to file any federal payroll
tax returns with the Internal Revenue Service for 2004, and
defendants ANNYA A. NGUYEN and JOHN D. PHAM caused the two
companies to fail to file any form W-2 wage statements with the
federal government for the year 2004. At some time in 2004,
defendants ANNYA A. NGUYEN and JOHN D. PHAM caused the operation
of their hair salon businesses to be shifted to two new
corporations, i.e., THY Investments, Inc., and THUY Investments,
Inc. Defendants ANNYA A. NGUYEN and JOHN D. PHAM caused THY
Investments, Inc., and THUY Investments, Inc., to file federal
payroll tax returns only for the fourth calendar quarter of 2004,
in which the two corporations reported federal payroll tax
liabilities for that quarter totaling $24,899.52. However,
defendants ANNYA A. NGUYEN and JOHN D. PHAM, who alone controlled
the finances and business operations of THY Investments, Inc.,
and THUY Investments, Inc., and who well knew the amounts of
payroll taxes owed by the companies, paid only $12,512.90 of such
liabilities. Further, while those federal payroll tax returns
for the fourth quarter of 2004 reported that THY Investments,
Inc., and THUY Investments, Inc., paid wages of only $108,591,
defendants ANNYA A. NGUYEN and JOHN D. PHAM caused form W-2 wage
reports to be issued and filed by the two corporations for 2004
that reported total wages paid during the year to be $228,464,
from which the Internal Revenue Service determined the total 2004
federal payroll tax liabilities for the two companies to be
$52,827. However, defendants ANNYA A. NGUYEN and JOHN D. PHAM,

15

who alone controlled the finances and business operations of THY Investments, Inc., and THUY Investments, Inc., and who well knew the amounts of payroll taxes owed by the companies, paid only $12,512.90 of the 2004 federal payroll tax liabilities incurred by these corporations, leaving more than $40,000 of the corporations' 2004 federal payroll tax liabilities unpaid. As such, defendants ANNYA A. NGUYEN and JOHN D. PHAM converted to their own use taxes they withheld from the wages paid to the employees of the companies, and knowingly failed to pay over such withheld taxes to the Internal Revenue Service so that they could be credited to the income tax and social security accounts of the employees.

18. No payroll tax liabilities were reported for THUY Investments Inc., for any period after 2004.

19. For the years 2005 and 2006, THY Investments, Inc., paid the payroll taxes that defendants ANNYA A. NGUYEN and JOHN D. PHAM caused it to report. However, defendants ANNYA A. NGUYEN and JOHN D. PHAM caused THY Investments, Inc., to file quarterly payroll tax returns for the first three quarters of 2007, reporting total payroll tax liabilities for those three quarters in the amount of $28,140.10, but defendants ANNYA A. NGUYEN and JOHN D. PHAM, who alone controlled the finances and business operations of THY Investments, Inc., and who well knew the amount of payroll taxes owed by the company, did not pay any of the federal payroll tax liabilities that THY Investments, Inc., incurred for the first three quarters of 2007. As such,

defendants ANNYA A. NGUYEN and JOHN D. PHAM converted to their own use the taxes they withheld from the wages paid to the employees of the company, and knowingly failed to pay over such withheld taxes to the Internal Revenue Service so that they could be credited to the income tax and social security accounts of the employees.

The Personal Income Tax Returns

20.  In March 1996, defendant ANNYA A. NGUYEN delinquently filed her U.S. Individual Income tax return (form 1040) for the year 1994.  On her 1994 tax return, defendant ANNYA A. NGUYEN reported an income tax liability of $31,261, but did not pay any of that liability.

21.  The Internal Revenue Service has no record of defendant ANNYA A. NGUYEN filing a personal income tax return for the year 1995.

22.  In July 1999, defendant ANNYA A. NGUYEN delinquently filed her U.S. Individual Income tax return (form 1040) for the year 1996.  On her 1996 tax return, defendant ANNYA A. NGUYEN reported a tax liability of $58,393, but paid only $20,000 of the liability, leaving $38,558 unpaid.

23.  In October 1999, defendant ANNYA A. NGUYEN delinquently filed her U.S. Individual Income tax return (form 1040) for the year 1997.  On her 1997 tax return, defendant ANNYA A. NGUYEN reported net earnings from the hair salons of only $58,329, reported short term capital losses of $115,189, and claimed mortgage interest expenses of $44,950.  Defendant ANNYA A.

17

NGUYEN's 1997 personal tax return reported a zero tax liability.

24. In June 2000, defendant ANNYA A. NGUYEN delinquently filed her U.S. Individual Income tax return (form 1040) for the year 1998. On her 1998 tax return, defendant ANNYA A. NGUYEN reported a tax liability of $9,748, but paid only $564 of that liability, leaving $9,184 unpaid.

25. In March 2001, defendant ANNYA A. NGUYEN delinquently filed her U.S. Individual Income tax return (form 1040) for the year 1999. On her 1999 tax return, defendant ANNYA A. NGUYEN reported a tax liability of $3,917, and reported credits of $2,624, including an "additional child tax credit" of $2,000. Defendant ANNYA A. NGUYEN did not pay the remaining $1,293 due on her 1999 personal tax return.

26. In July 2002, defendant ANNYA A. NGUYEN delinquently filed her U.S. Individual Income tax return (form 1040) for the year 2000. On her 2000 tax return, defendant ANNYA A. NGUYEN reported a tax liability of $10,386, but paid only $6,816 of that liability, leaving $3,570 unpaid.

27. The Internal Revenue Service has no record of defendant ANNYA A. NGUYEN having filed any U.S. Individual income tax return for any year since the year 2000.

28. The Internal Revenue Service has no record of defendant JOHN D. PHAM having ever filed any U.S. Individual income tax return.

//

//

18

The Tax Collection Efforts

2    29.  When the above-described taxes became delinquent, the
3 Internal Revenue Service began efforts to collect the delinquent
4 income taxes from defendant ANNYA A. NGUYEN, and the delinquent
5 payroll taxes from the companies defendants ANNYA A. NGUYEN and
6 JOHN D. PHAM used to operate their Fantastic Sam's hair salons.
7 Near the beginning of 1999, the Internal Revenue Service gave
8 notice to AJP Management, Inc., and TTK Management, Inc., of its
9 intention to levy on the companies' assets to collect the
10 delinquent taxes.

11    30.  Defendant ANNYA A. NGUYEN sought an administrative
12 review of the Internal Revenue Service agent's decision to levy.
13 In a letter dated April 28, 1999, defendant ANNYA A. NGUYEN's
14 counsel stated that an attempt was being made to sell one of the
15 hair salons, and that the taxpayer intended to use the proceeds
16 of the sale to pay the payroll tax liabilities.  Later, at the
17 end of July 1999, the same counsel sent the Internal Revenue
18 Service Appeals Office a copy of an undated Letter of Intent in
19 which defendant ANNYA A. NGUYEN, on behalf of TTK Management,
20 Inc., tentatively agreed to sell the hair salon located on Crown
21 Valley Parkway for a price of $50,000.  Her counsel requested a
22 discharge from the Internal Revenue Service of the tax lien with
23 respect to that hair salon franchise and the assets located at
24 that salon.  The Appeals Officer then recommended that that salon
25 not be levied and that a lien discharge be given for that salon.
26 However, the Internal Revenue Service later learned that

27

28                              19

defendants ANNYA A. NGUYEN and JOHN D. PHAM had in fact previously sold the Crown Valley Parkway salon to a different buyer for a price of $115,000, and that defendant ANNYA A. NGUYEN had deposited proceeds from that sale into a personal bank account owned and controlled by her and defendant JOHN D. PHAM, which was held in the name of West Side Limited Partnership.

31. On or about March 30, 2000, when defendants ANNYA A. NGUYEN and JOHN D. PHAM were still operating their hair salon businesses through TTK Management, Inc., and AJP Management, Inc., defendants ANNYA A. NGUYEN and JOHN D. PHAM sold the hair salon located on Alicia Parkway in Laguna Niguel, California. At the time of this sale defendants ANNYA A. NGUYEN and JOHN D. PHAM's hair salon businesses owed more than $240,000 of unpaid federal payroll taxes that the Internal Revenue Service was attempting to collect. At the time of the sale, defendants ANNYA A. NGUYEN and JOHN D. PHAM received a cashier's check in the amount of $85,000 made payable to defendant ANNYA A. NGUYEN as a partial payment for the sale. Rather than deposit this check into a bank account belonging to one of the businesses, defendant ANNYA A. NGUYEN converted the check to defendants ANNYA A. NGUYEN and JOHN D. PHAM's personal use and deposited it into a personal bank account in the name of ANNYA A. NGUYEN at Bank of the West.

32. On or about July 2, 2001, defendant ANNYA A. NGUYEN submitted three Offers in Compromise to the Internal Revenue Service, one for AJP Management, Inc., one for TTK Management, Inc., and the third for herself. The offers sought to compromise

and settle the payroll taxes owed by the businesses, and the individual income taxes owed by defendant ANNYA A. NGUYEN. She also submitted Collection Information Statements in connection with the Offers. On the Collection Information Statement she submitted for herself, which defendant ANNYA A. NGUYEN signed under penalty of perjury, she stated that she owned no securities at that time, and that she had only one bank account with a balance of $2,800, which was at Farmers & Merchants Bank. However, on July 2, 2001, defendant ANNYA A. NGUYEN wrote a check for $10,000 from her Farmers & Merchants Bank account, which was payable to an A.G. Edwards brokerage account. Further, on July 2, 2001, defendant ANNYA A. NGUYEN owned a Fidelity brokerage account, which she maintained in the name of her minor daughter but operated as her own. That brokerage account held securities on July 2, 2001, which defendant ANNYA A. NGUYEN failed to disclose on the Collection Information Statement. Further, on July 3 and July 6, 2001, defendant ANNYA A. NGUYEN withdrew a total of $5,700 from that brokerage account.

33. As a condition of processing the Offers in Compromise submitted by defendant ANNYA A. NGUYEN, the Internal Revenue Service required that the current payroll tax liabilities then being incurred by AJP Management, Inc., and TTK Management, Inc., be timely deposited with the depository used by the Internal Revenue Service for receiving such payroll tax deposits. However, defendants ANNYA A. NGUYEN and JOHN D. PHAM failed to timely deposit the payroll taxes then being incurred by AJP

Management Inc., and TTK Management, Inc. Therefore, on or about August 17, 2001, the Offers in Compromise were returned to defendant ANNYA A. NGUYEN for the reason that they were not processable.

34. On September 13, 2001, and September 17, 2001, Articles of Incorporation for DTP Investment, Inc., and DKP Investment, Inc., were filed with the Secretary of State for the State of California, and in October 2001 defendant ANNYA A. NGUYEN signed the Statement by Domestic Stock Corporation for each of these corporations, which Statements were filed with the Secretary of State for the State of California on October 22, 2001. Defendants ANNYA A. NGUYEN and JOHN D. PHAM then shifted the operations of their hair salon businesses to these new companies, leaving the companies that previously operated the businesses with no assets with which to pay their tax liabilities. Subsequently, in June 2002, after defendants ANNYA A. NGUYEN and JOHN D. PHAM had caused DTP Investment, Inc., and DKP Investment, Inc., to incur but fail to pay substantial payroll tax liabilities, defendants ANNYA A. NGUYEN and JOHN D. PHAM again caused two new companies to be incorporated, those being KTP Investments, Inc., and ANP Investments, Inc., and again shifted the business operations of their hair salon businesses to these new corporations, again leaving the companies that previously operated the businesses with no assets with which to pay their tax liabilities. Then in January 2004, after defendants ANNYA A. NGUYEN and JOHN D. PHAM caused KTP Investments, Inc., and ANP

Investments, Inc., to incur but fail to pay substantial payroll tax liabilities, defendants ANNYA A. NGUYEN and JOHN D. PHAM again caused two new companies to be incorporated, those being THY Investments, Inc., and THUY Investments, Inc., and again shifted the business operations of their hair salon businesses to these two new corporations, again leaving the companies that previously operated the businesses with no assets with which to pay their tax liabilities.

35. During the periods when the corporations used by defendants ANNYA A. NGUYEN and JOHN D. PHAM to operate their hair salon businesses were incurring but not paying their federal payroll tax liabilities, defendants ANNYA A. NGUYEN and JOHN D. PHAM diverted substantial amounts of the receipts of such businesses to their personal purposes, by transferring funds from the bank accounts of such businesses to personal bank and brokerage accounts owned and operated by defendants ANNYA A. NGUYEN and JOHN D. PHAM, by taking and using cash receipts of the businesses for their personal purposes, and by making expenditures from the bank accounts of such businesses for defendants ANNYA A. NGUYEN and JOHN D. PHAM's personal purposes.

COUNT ONE

[18 U.S.C. § 371]

The Grand Jury hereby repeats and realleges paragraphs 1 through 35 of the General Allegations set forth above as if fully set forth herein.

I.  OBJECT OF THE CONSPIRACY

Beginning on a date unknown, but at least as early as 1996, and continuing to at least the third quarter of 2007, in Orange County, within the Central District of California, defendants ANNYA A. NGUYEN and JOHN D. PHAM, and others known and unknown to the Grand Jury, knowingly combined, conspired, and agreed with each other to defraud the United States and agencies thereof, by deceitful and dishonest means, for the purpose of impeding, impairing, obstructing, and defeating the lawful Government functions of the Internal Revenue Service of the Treasury Department in the ascertainment, computation, assessment and collection of the revenue, namely: payroll taxes and income taxes, in violation of Title 18, United States Code, Section 371.

II.  MEANS BY WHICH THE OBJECT OF THE CONSPIRACY WAS TO BE
ACCOMPLISHED

The object of the conspiracy was to be accomplished in substance, as follows:

1.  During the years 1996 through 2007, defendants ANNYA A. NGUYEN and JOHN D. PHAM owned and operated various Fantastic Sam's hair salons in Orange County, California, using various corporations to operate the businesses.  Such corporations

24

included Nguyen & Pham, Inc.; PVD, Inc.; TTK Management, Inc.; AJP Management, Inc.; DTP Investment, Inc.; DKP Investment, Inc.; ANP Investments, Inc.; KTP Investments, Inc.; THY Investments, Inc.; and THUY Investments, Inc.

2.  Defendants ANNYA A. NGUYEN and JOHN D. PHAM sought to defeat the ascertainment, computation, and assessment of the correct payroll taxes owed by both TTK Management, Inc., and AJP Management, Inc., for the four quarterly periods in 1999 by filing payroll tax returns for those companies that understated the wages actually paid to the employees of each such company during 1999.

3.  Defendants ANNYA A. NGUYEN and JOHN D. PHAM sought to defeat the ascertainment, computation, and assessment of the correct payroll taxes owed by DKP Investment, Inc., for the first two quarterly periods in 2002 by filing payroll tax returns for that company that understated the wages actually paid to the employees of such company during the first two quarters of 2002.

4.  Defendants ANNYA A. NGUYEN and JOHN D. PHAM sought to defeat the ascertainment, computation, and assessment of the correct payroll taxes owed by ANP Investments, Inc., and KTP Investments, Inc., for the last two quarterly periods in 2002 and the four quarterly periods in 2003, by issuing W-2 forms to the employees of such corporations for such years, that reported the amounts of wages paid to those employees, and the amounts of taxes withheld from their wages, but failing to file any payroll tax returns for those companies with the Internal Revenue Service.

25

1    5.   Defendants ANNYA A. NGUYEN and JOHN D. PHAM sought to

2  defeat the ascertainment, computation, and assessment of the

3  correct payroll taxes owed by THY Investments, Inc., and THUY

4  Investments, Inc., for the first three quarterly periods in 2004

5  by issuing W-2 forms to the employees of such corporations for

6  2004, that reported the amounts of wages paid to those employees

7  in 2004, and the amounts of taxes withheld from such wages, but

8  failing to file any payroll tax returns for those companies with

9  the Internal Revenue Service for the first three quarters of

10  2004.

11    6.   Defendants ANNYA A. NGUYEN and JOHN D. PHAM sought to

12  defeat the collection of the federal payroll taxes owed by TTK

13  Management, Inc., AJP Management, Inc., DTP Investment, Inc., DKP

14  Investment, Inc., ANP Investments, Inc., and KTP Investments,

15  Inc., by transferring the businesses and assets of these

16  corporations to newly incorporated companies for no consideration

17  when such payroll taxes were due and owing, leaving the companies

18  with no assets with which to pay their tax liabilities.

19    7.   Defendants ANNYA A. NGUYEN and JOHN D. PHAM sought to

20  defeat the collection of the federal payroll taxes owed by DTP

21  Investment, Inc., DKP Investment, Inc., ANP Investments, Inc.,

22  and KTP Investments, Inc., for the years 2002 and 2003 by

23  diverting the assets of these companies to their personal

24  purposes while failing to pay the payroll taxes of these

25  companies when they were due.

26    8.   Defendants ANNYA A. NGUYEN and JOHN D. PHAM sought to

27  defeat the ascertainment, computation, assessment, and collection

28                                   26

of income taxes owed by either defendant ANNYA A. NGUYEN or defendant JOHN D. PHAM, or by both of them, by diverting assets from the hair salon businesses they owned and operated into accounts held in the names of nominees, and into the account of a corporation that was owned and controlled by defendants ANNYA A. NGUYEN and JOHN D. PHAM and used by them for their personal purposes.

III. OVERT ACTS

In furtherance of the conspiracy and to accomplish the object of the conspiracy, defendants ANNYA A. NGUYEN and JOHN D. PHAM, and others known and unknown to the Grand Jury, committed the following overt acts, among others, in Orange County, within the Central District of California, and elsewhere, on or about the following dates:

OVERT ACTS 1-5

1. On June 13, 2002, defendants ANNYA A. NGUYEN and JOHN D. PHAM caused KTP Investments, Inc., to be incorporated for the purpose of transferring to it, for no consideration, the business and assets of DTP Investment, Inc., knowing that DTP Investment, Inc., owed a substantial amount of federal payroll taxes to the Internal Revenue Service.

2. On June 13, 2002, defendants ANNYA A. NGUYEN and JOHN D. PHAM caused ANP Investments, Inc., to be incorporated for the purpose of transferring to it, for no consideration, the business and assets of DKP Investment, Inc., knowing that DKP Investment, Inc., owed a substantial amount of federal payroll taxes to the Internal Revenue Service.

1    3. On January 1, 2004, defendants ANNYA A. NGUYEN and JOHN

2 D. PHAM caused THY Investments, Inc., to be incorporated for the

3 purpose of transferring to it, for no consideration, the business

4 and assets of ANP Investments, Inc., knowing that ANP

5 Investments, Inc., owed a substantial amount of federal payroll

6 taxes to the Internal Revenue Service.

7    4. On January 1, 2004, defendants ANNYA A. NGUYEN and JOHN

8 D. PHAM caused THUY Investments, Inc., to be incorporated for the

9 purpose of transferring to it, for no consideration, the business

10 and assets of KTP Investments, Inc., knowing that KTP

11 Investments, Inc., owed a substantial amount of federal payroll

12 taxes to the Internal Revenue Service.

13    5. On April 29 and July 30, 2002, defendant JOHN D. PHAM

14 caused two payroll tax returns to be filed for DKP Investment,

15 Inc., for the first two quarters of 2002, which falsely under-

16 reported both the wages paid to that company's employees and the

17 taxes withheld form such wages during those periods.

18 OVERT ACTS 6-10

19    Knowing that federal payroll taxes were owed by DKP

20 Investment, Inc., and DTP Investment, Inc., on or about the

21 following dates, defendant JOHN D. PHAM diverted assets of DKP

22 Investment, Inc., and DTP Investment, Inc., to the personal

23 purposes of himself and defendant ANNYA A. NGUYEN, by writing

24 checks in the following amounts from the business accounts of

25 those companies, which were deposited into an account held in the

26 name of TTK Funding, Inc., a company owned and controlled by

27 defendants ANNYA A. NGUYEN and JOHN D. PHAM, which held funds

28                          28

used for their personal purposes.

| | DKP | or DTP | DATE | AMOUNT |
|---|---|---|---|---|
| 6- | | X | July 22, 2002 | $ 1,807.01 |
| 7- | X | | July 23, 2002 | 1,694.92 |
| 8- | X | | July 24, 2002 | 1,610.25 |
| 9- | | X | July 24, 2002 | 1,702.16 |
| 10- | | X | July 29, 2002 | 1,650.16 |

OVERT ACTS 11-33

Knowing that federal payroll taxes were owed by ANP Investments, Inc., and KTP Investments, Inc., on or about the following dates, defendant ANNYA A. NGUYEN diverted assets of ANP Investments, Inc., and KTP Investments, Inc., to the personal purposes of herself and defendant JOHN D. PHAM by writing checks in the following amounts from the business accounts of those companies, which were deposited into an account held in the name of TTK Funding, Inc., a company owned and controlled by defendants ANNYA A. NGUYEN and JOHN D. PHAM, which held funds used for their personal purposes.

| | ANP | or KTP | DATE | AMOUNT |
|---|---|---|---|---|
| 11- | | X | August 12, 2002 | $ 1,600 |
| 12- | | X | August 15, 2002 | $ 2,100 |
| 13- | | X | August 28, 2002 | $ 2,800 |
| 14- | X | | August 28, 2002 | $ 3,000 |
| 15- | X | | November 20, 2002 | $ 1,600 |
| 16- | | X | November 21, 2002 | $ 2,000 |
| 17- | | X | January 14, 2003 | $ 3,200 |
| 18- | | X | March 25, 2003 | $ 3,000 |

29

| | Col A | Col B | Date | Amount |
|---|---|---|---|---|
| 19- | X | | April 7, 2003 | $ 1,400 |
| 20- | X | | April 24, 2003 | $ 2,000 |
| 21- | | X | April 26, 2003 | $ 2,900 |
| 22- | | X | May 5, 2003 | $ 1,500 |
| 23- | | X | May 23, 2003 | $ 4,000 |
| 24- | X | | May 23, 2003 | $ 2,000 |
| 25- | | X | June 18, 2003 | $ 1,900 |
| 26- | | X | June 26, 2003 | $ 1,000 |
| 27- | | X | July 3, 2003 | $ 2,200 |
| 28- | X | | July 30, 2003 | $ 1,325 |
| 29- | | X | August 17, 2003 | $ 1,500 |
| 30- | | X | September 1, 2003 | $ 6,000 |
| 31- | X | | September 12, 2003 | $ 1,000 |
| 32- | X | | October 21, 2003 | $ 2,000 |
| 33- | X | | March 9, 2004 | $ 1,140 |

OVERT ACTS 34-59

On each of the following dates in 2002, and at a time when defendants ANNYA A. NGUYEN and JOHN D. PHAM knew that DTP Investment, Inc., owed unpaid federal payroll taxes, defendants ANNYA A. NGUYEN and JOHN D. PHAM used and caused to be used an ATM card to withdraw cash in the amount of $500 from the business account of DTP Investment, Inc., which was converted to the personal purposes of the defendants ANNYA A. NGUYEN and JOHN D. PHAM:

34-      May 2

35-      May 2 (2nd withdrawal)

36-      May 15

| 1 | 37- | May 17 |
| 2 | 38- | May 31 |
| 3 | 39- | June 7 |
| 4 | 40- | June 11 |
| 5 | 41- | June 12 |
| 6 | 42- | June 13 |
| 7 | 43- | June 18 |
| 8 | 44- | June 19 |
| 9 | 45- | June 20 |
| 10 | 46- | July 3 |
| 11 | 47- | July 8 |
| 12 | 48- | July 10 |
| 13 | 49- | July 12 |
| 14 | 50- | July 17 |
| 15 | 51- | August 29 |
| 16 | 52- | September 3 |
| 17 | 53- | September 4 |
| 18 | 54- | September 5 |
| 19 | 55- | September 6 |
| 20 | 56- | September 24 |
| 21 | 57- | September 27 |
| 22 | 58- | September 30 |
| 23 | 59- | November 18 |

24 OVERT ACTS 60-85

25     On each of the following dates in 2003, and at a time when

26 defendants ANNYA A. NGUYEN and JOHN D. PHAM knew that DTP

27 Investment, Inc., owed unpaid federal payroll taxes, defendants

28

ANNYA A. NGUYEN and JOHN D. PHAM used and caused to be used an
ATM card to withdraw cash in the amount of $500 from the business
account of DTP Investment, Inc., which was converted to the
personal purposes of the defendants ANNYA A. NGUYEN and JOHN D.
PHAM:

| 60- | January 31 |
| 61- | March 18 |
| 62- | March 19 |
| 63- | March 21 |
| 64- | March 24 |
| 65- | March 31 |
| 66- | April 14 |
| 67- | April 15 |
| 68- | April 29 |
| 69- | May 1 |
| 70- | May 21 |
| 71- | May 28 |
| 72- | May 29 |
| 73- | June 25 |
| 74- | June 26 |
| 75- | July 9 |
| 76- | July 15 |
| 77- | July 24 |
| 78- | August 18 |
| 79- | August 19 |
| 80- | August 27 |
| 81- | August 29 |

| 1 | 82- | September 3 |
|---|-----|-------------|
| 2 | 83- | September 16 |
| 3 | 84- | September 17 |
| 4 | 85- | December 8 |

5 <u>OVERT ACTS 86-105</u>

6     On each of the following dates in 2002, and at a time when

7 defendants ANNYA A. NGUYEN and JOHN D. PHAM knew that DKP

8 Investment, Inc., owed unpaid federal payroll taxes, either

9 defendants ANNYA A. NGUYEN and JOHN D. PHAM used and caused to be

10 used an ATM card to withdraw cash in the amount of $500 from the

11 business account of DKP Investment, Inc., which was converted to

12 the personal purposes of defendants ANNYA A. NGUYEN and JOHN D.

13 PHAM:

| 14 | 86- | May 22 |
|----|-----|--------|
| 15 | 87- | May 29 |
| 16 | 88- | May 30 |
| 17 | 89- | June 14 |
| 18 | 90- | June 24 |
| 19 | 91- | June 26 |
| 20 | 92- | June 27 |
| 21 | 93- | June 28 |
| 22 | 94- | July 1 |
| 23 | 95- | July 5 |
| 24 | 96- | July 9 |
| 25 | 97- | July 15 |
| 26 | 98- | July 18 |
| 27 | 99- | July 19 |
| 28 | | |

| | | |
|---|---|---|
| 100- | July 22 | |
| 101- | July 23 | |
| 102- | August 28 | |
| 103- | August 30 | |
| 104- | September 9 | |
| 105- | November 25 | |

OVERT ACTS 106-112

On the following dates in 2002 and 2003, and at a time when defendants ANNYA A. NGUYEN and JOHN D. PHAM knew that DTP Investment, Inc., owed unpaid federal payroll taxes, defendants ANNYA A. NGUYEN and JOHN D. PHAM used and caused to be used a "check card" to make expenditures from the funds in the business account of DTP Investment, Inc., and made money transfers from such account, in the following amounts, for the purchase of goods or services for the personal purposes of the defendants ANNYA A. NGUYEN and JOHN D. PHAM:

| | Date | Amount | Payee |
|---|---|---|---|
| 106- | Nov. 21, 2002 | $ 1,873.09 | Big Bear Resorts |
| 107- | March 24, 2003 | 153.35 | Monte Carlo, Las Vegas |
| 108- | July 28, 2003 | 165.71 | Nordstrom |
| 109- | Oct. 20, 2003 | 245.67 | Nordstrom |
| 110- | Oct. 20, 2003 | 77.58 | Macys |
| 111- | Oct. 21, 2003 | 700.00 | Pension Financial Services |
| 112- | Nov. 21 2003 | 900.00 | Pension Financial Services |

OVERT ACTS 113-116

On the following dates in 2002 and 2003, and at a time when defendants ANNYA A. NGUYEN and JOHN D. PHAM knew that DKP

34

Investment, Inc., owed unpaid federal payroll taxes, defendants ANNYA A. NGUYEN and JOHN D. PHAM used and caused to be used a "check card" to make expenditures from the funds in the business account of DKP Investment, Inc., in the following amounts, for the purchase of goods or services for the personal purposes of defendants ANNYA A. NGUYEN and JOHN D. PHAM:

| | Date | Amount | Payee |
|---|---|---|---|
| 113- | July 1, 2000 | $ 414.00 | Disneyland |
| 114- | Feb. 10, 2003 | 890.00 | Celine Dion concert tickets |
| 115- | Sept. 10, 2003 | 560.00 | Sea World |
| 116- | Oct. 20, 2003 | 245.67 | Nordstrom |

OVERT ACTS 117-130

117. On May 13, 2002, at a time when defendants ANNYA A. NGUYEN and JOHN D. PHAM knew that defendant ANNYA A. NGUYEN owed unpaid federal income taxes, defendants ANNYA A. NGUYEN and JOHN D. PHAM deposited and caused to be deposited into a personal bank account in ANNYA A. NGUYEN and JOHN D. PHAM's names at Citizen's Business Bank, a total of $6,500, consisting of $4,400 of cash, a check in the amount of $600 from DKP Investment, Inc., and a check in the amount of $1,500 from DTP Investment, Inc., which funds were taken from the hair salon businesses that defendants ANNYA A. NGUYEN and JOHN D. PHAM owned and operated

118. On May 13, 2002, defendants ANNYA A. NGUYEN and JOHN D. PHAM caused a transfer in the amount of $7,000 to be made from a Citizen's Business Bank account to another account in the name of TTK Funding, Inc., at Pension Financial Services, which was owned and controlled by defendants ANNYA A. NGUYEN and JOHN D.

PHAM and was used by them for their personal purposes.

119. On May 22, 2002, at a time when defendants ANNYA A. NGUYEN and JOHN D. PHAM knew that defendant ANNYA A. NGUYEN owed unpaid federal income taxes, defendants ANNYA A. NGUYEN and JOHN D. PHAM caused a transfer in the amount of $12,298.23 to be made from an account held in the name of Westside Ltd. Partnership, an entity owned and controlled by defendants ANNYA A. NGUYEN and JOHN D. PHAM, into a personal bank account in defendants ANNYA A. NGUYEN and JOHN D. PHAM's names at Citizen's Business Bank.

120. On May 22, 2002, defendants ANNYA A. NGUYEN and JOHN D. PHAM caused a transfer in the amount of $11,000 to be made from a Citizen's Business Bank account to an account in the name of TTK Funding, Inc., at Pension Financial Services, which was owned and controlled by defendants ANNYA A. NGUYEN and JOHN D. PHAM and was used by them for their personal purposes.

121. On June 14, 2002, at a time when defendants ANNYA A. NGUYEN and JOHN D. PHAM knew that defendant ANNYA A. NGUYEN owed unpaid federal income taxes, defendants ANNYA A. NGUYEN and JOHN D. PHAM deposited and caused to be deposited into a personal bank account in defendants ANNYA A. NGUYEN and JOHN D. PHAM's names at Citizen's Business Bank, a total of $2,500, consisting of $500 of cash, a check in the amount of $800 from DKP Investment, Inc., and a check in the amount of $1,200 from DTP Investment, Inc., which funds were taken from the hair salon businesses that defendants ANNYA A. NGUYEN and JOHN D. PHAM owned and operated.

122. On June 14, 2002, defendants ANNYA A. NGUYEN and JOHN D. PHAM caused a transfer in the amount of $2,500 to be made from

a Citizen's Business Bank account to an account in the name of
TTK Funding, Inc., at Pension Financial Services, which was owned
and controlled by defendants ANNYA A. NGUYEN and JOHN D. PHAM and
was used by them for their personal purposes.

123. On June 18, 2002, at a time when defendants ANNYA A.
NGUYEN and JOHN D. PHAM knew that defendant ANNYA A. NGUYEN owed
unpaid federal income taxes, defendants ANNYA A. NGUYEN and JOHN
D. PHAM deposited and caused to be deposited $2,000 of cash into
a personal bank account in defendants ANNYA A. NGUYEN and JOHN D.
PHAM's names at Citizen's Business Bank, which funds were taken
from the hair salon businesses that defendants ANNYA A. NGUYEN
and JOHN D. PHAM owned and operated

124. On June 18, 2002, defendants ANNYA A. NGUYEN and JOHN
D. PHAM caused a transfer in the amount of $2,500 to be made from
a Citizen's Business Bank account to an account in the name of
TTK Funding, Inc., at Pension Financial Services, which was owned
and controlled by defendants ANNYA A. NGUYEN and JOHN D. PHAM and
was used by them for their personal purposes.

125. On June 19 and 21, 2002, at times when defendants
ANNYA A. NGUYEN and JOHN D. PHAM knew that defendant ANNYA A.
NGUYEN owed unpaid federal income taxes, defendants ANNYA A.
NGUYEN and JOHN D. PHAM deposited and caused to be deposited into
a personal bank account in defendants ANNYA A. NGUYEN and JOHN D.
PHAM's names at Citizen's Business Bank, a total of $6,400,
consisting of $3,300 of cash, two checks in the amount of $1,000
each from DTP Investment, Inc., a check in the amount of $1,000
from DKP Investment, Inc., all of which funds were taken from the

37

hair salon businesses that defendants ANNYA A. NGUYEN and JOHN D. PHAM owned and operated, and a Sony rebate check in the amount of $100.

126. On June 20 and 21, 2002, and in connection with the deposits described in overt act 125, above, defendants ANNYA A. NGUYEN and JOHN D. PHAM caused two checks totaling $7,500 written against the Citizen's Business Bank account to be paid to Pension Financial Services for deposit by Pension Financial Services into an account in the name of TTK Funding, Inc., which was owned and controlled by defendants ANNYA A. NGUYEN and JOHN D. PHAM and used by them for their personal purposes.

127. On June 26, 2002, at a time when defendants ANNYA A. NGUYEN and JOHN D. PHAM knew that defendant ANNYA A. NGUYEN owed unpaid federal income taxes, defendant ANNYA A. NGUYEN and JOHN D. PHAM deposited and caused to be deposited into a personal bank account in defendants ANNYA A. NGUYEN and JOHN D. PHAM's names at Citizen's Business Bank, a total of $4,200, consisting of $1,600 of cash, a check in the amount of $900 from DKP Investment, Inc., and a check in the amount of $1,700 from DTP Investment, Inc., which funds were taken from the hair salon businesses that defendants ANNYA A. NGUYEN and JOHN D. PHAM owned and operated.

128. On June 26, 2002, defendants ANNYA A. NGUYEN and JOHN D. PHAM caused a check in the amount of $5,000 written against defendants ANNYA A. NGUYEN and JOHN D. PHAM's Citizen's Business Bank account to be paid to Pension Financial Services for deposit into an account in the name of TTK Funding, Inc., which was owned and controlled by defendants ANNYA A. NGUYEN and JOHN D. PHAM and

38

used by them for their personal purposes.

129. On July 3, 2002, at a time when defendants ANNYA A. NGUYEN and JOHN D. PHAM knew that defendant ANNYA A. NGUYEN owed unpaid federal income taxes, defendant ANNYA A. NGUYEN and JOHN D. PHAM deposited and caused to be deposited into a personal bank account in defendants ANNYA A. NGUYEN and JOHN D. PHAM's names at Citizen's Business Bank, a total of $3,000, consisting of $2,500 of cash and a check in the amount of $500 from DTP Investment, Inc.

130. ON July 3, 2002, defendants ANNYA A. NGUYEN and JOHN D. PHAM caused two checks in the amount of $1,500 each, written against the Citizen's Business Bank account in the names of defendants ANNYA A. NGUYEN and JOHN D. PHAM, to be paid to the Charles Schwab brokerage company for deposit into two accounts at that brokerage company that were owned and controlled by defendants ANNYA A. NGUYEN and JOHN D. PHAM and held by them in the names of two of their children.

## COUNTS TWO THROUGH NINE

### [26 U.S.C. § 7202; 18 U.S.C. § 2]

The Grand Jury hereby repeats and realleges paragraphs 1 through 35 of the General Allegations set forth above as if fully set forth herein.

During each of the calendar quarterly periods listed below, defendants ANNYA A. NGUYEN and JOHN D. PHAM, who were then residents of Laguna Niguel, California, operated a Fantastic Sam's hair salon business on La Paz Road in Aliso Viejo, California, through two corporate entities, one being DKP Investment, Inc., which operated the business during the first two calendar quarters of 2002, and the other being ANP Investments, Inc., which operated the business during the last two calendar quarters of 2002 and the four calendar quarters of 2003. During each of the taxable quarters indicated below, defendants ANNYA A. NGUYEN and JOHN D. PHAM were required under Title 26 of the United States Code, to collect, account for, and pay over from the total taxable wages of such business's employees, federal income taxes and the employees' share of Federal Insurance Contributions Act taxes, in at least the amounts listed below for each particular taxable quarter. Contrary to that requirement, defendants ANNYA A. NGUYEN and JOHN D. PHAM did willfully fail to truthfully account for and pay over to the Internal Revenue Service said withheld federal income taxes and Federal Insurance Contribution Act taxes due and owing to the United States of America for each of the said taxable quarters.

| COUNT | TAXABLE QUARTER BEGINNING DATE | ENDING DATE | AMOUNT |
|-------|-------------------------------|-------------|--------|
| TWO | January 1, 2002 | March 31, 2002 | $ 7,009.15 |
| THREE | April 1, 2002 | June 30, 2002 | 5,773.60 |
| FOUR | July 1, 2002 | September 30, 2002 | 5,303.50 |
| FIVE | October 1, 2002 | December 31, 2002 | 5,303.50 |
| SIX | January 1, 2003 | March 31, 2003 | 6,008.75 |
| SEVEN | April 1, 2003 | June 30, 2003 | 6,008.75 |
| EIGHT | July 1, 2003 | September 30, 2003 | 6,008.75 |
| NINE | October 1, 2003 | December 31, 2003 | 6,008.75 |

COUNTS TEN THROUGH SEVENTEEN

[26 U.S.C. § 7202; 18 U.S.C. § 2]

The Grand Jury hereby repeats and realleges paragraphs 1 through 35 of the General Allegations set forth above as if fully set forth herein.

During each of the calendar quarterly periods listed below, defendants ANNYA A. NGUYEN and JOHN D. PHAM, who were then residents of Laguna Niguel, California, operated a Fantastic Sam's hair salon business on Antonio Parkway in Rancho Santa Margarita, California, through two corporate entities, one being DTP Investment, Inc., which operated the business during the first two calendar quarters of 2002, and the other being KTP Investments, Inc., which operated the business during the last two calendar quarters of 2002 and the four calendar quarters of 2003. During each of the taxable quarters indicated below, defendants ANNYA A. NGUYEN and JOHN D. PHAM were required under Title 26 of the United States Code, to collect, account for, and pay over from the total taxable wages of such business's employees, federal income taxes and the employees' share of Federal Insurance Contributions Act taxes, in at least the amounts listed below for each particular taxable quarter. Contrary to that requirement, defendants ANNYA A. NGUYEN and JOHN D. PHAM did willfully fail to truthfully account for and pay over to the Internal Revenue Service said withheld federal income taxes and Federal Insurance Contribution Act taxes due and owing to the United States of America for each of the said taxable quarters.

42

|  | | TAXABLE QUARTER | | |
|---|---|---|---|---|
| COUNT | BEGINNING DATE | | ENDING DATE | AMOUNT |
| TEN | January 1, 2002 | | March 31, 2002 | $14,267.46 |
| ELEVEN | April 1, 2002 | | June 30, 2002 | 12,675.31 |
| TWELVE | July 1, 2002 | | September 30, 2002 | 12,648.50 |
| THIRTEEN | October 1, 2002 | | December 31, 2002 | 12,648.50 |
| FOURTEEN | January 1, 2003 | | March 31, 2003 | 14,380.75 |
| FIFTEEN | April 1, 2003 | | June 30, 2003 | 14,380.75 |
| SIXTEEN | July 1, 2003 | | September 30, 2003 | 14,380.75 |
| SEVENTEEN | October 1, 2003 | | December 31, 2003 | 14,380.75 |

A TRUE BILL

/S/
_____
Foreperson


THOMAS P. O'BRIEN
United States Attorney

CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division

SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division

DARWIN THOMAS
Assistant United States Attorneys
Tax Division

43